436

## In re THOMPSON.

District Court, W. D. Pennsylvania.  September 27, 1928.

No. 8790.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa. (Wm. E. Hague, of Pittsburgh, Pa., of counsel), for petitioners.

Weil, Christy & Weil, of Pittsburgh, Pa., (J. Smith Christy, of Pittsburgh, Pa., R. E. Umbel, of Uniontown, Pa., and W. H. Conaway, of Fairmont, W. Va., of counsel), for trustees.

GIBSON, District Judge. The referee in bankruptcy, being about to make an order of distribution, has certified to this court for its opinion a matter which relates to his compensation. The question certified is as follows:

"Should Watson B. Adair be allowed and paid, on account of his services as referee in bankruptcy in this case, a commission of 1 per centum on the sum of $116,165.41 paid by the trustees in this case to Piedmont Coal Company pursuant to the order of said referee dated November 17, 1927?"

The facts, as they appeared from the record and as stated by the referee, are as follows:

"The trustees in bankruptcy sold to the Piedmont Coal Company lands of the bankrupt in West Virginia, the terms of the sale requiring the trustees to discharge any liens other than those listed in the agreement. It afterwards appeared that there were liens, either unlisted or exceeding the amounts listed, which had not been discharged. These liens were on attachments based on notes given by bankrupt. The amount of these liens, with interest to November 17, 1927, viz. $116,165.41, was accordingly paid by the trustees to Piedmont Coal Company, which company paid the liens."

The facts cited show the right of the referee to claim 1 per centum of the amount paid to the Piedmont Coal Company and by it turned over to lien creditors of the bankrupt. The statute, section 40a of the Bankruptcy Act, allows the referee, as compensation, 1 per centum of all amounts paid out to creditors of the bankrupt by the trustee. It is true that the payment was not a direct payment to the lienholders on the part of the trustees, but, in view of the facts alleged and the petition of the Piedmont Coal Company for reimbursement and the order of court thereon, the payment to that company by the trustees was a payment to a creditor within the scope of the statute establishing the referee's compensation.